# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

RA KARRIE WYNN,

      Plaintiff,

                                      Civil Action 2:18-cv-619
                                      Judge Algenon L. Marbley
     v.                             Magistrate Judge Chelsey M. Vascura

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY, *et al*.,

      Defendants.

## OPINION AND ORDER

Plaintiff, Ra Karrie Wynn, a state inmate who is proceeding without the assistance of counsel, has filed correspondence directed to the Magistrate Judge (ECF Nos. 11 and 12), in which he sets forth the "obstacles" and "challenges" he alleges he encountered that he asserts caused him to miss the July 20, 2018 deadline for filing his objections to the July 6, 2018 Report and Recommendation (ECF No. 5) and requests that he be granted "a moderate amount of time to overcome these challenges," (ECF No. 12 at p. 3). Because the Court adopted the Report and Recommendation on July 23, 2018 (ECF No. 8), finding that Plaintiff's failure to object resulted in a waiver of a right to a *de novo* review, and entered judgment (ECF No. 9), the Court construes Plaintiff's correspondence (ECF Nos. 11 and 12) as a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth herein, the Court **GRANTS** Plaintiff's 60(b) motions (ECF Nos. 11 and 12). Upon *de novo* review of Plaintiff's Objection (ECF No. 10), the Court **OVERRULES** Plaintiff's Objection and again

**ADOPTS** the Report and Recommendation and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2).

### I. Plaintiff's Request for Relief from Judgment (ECF Nos. 10 and 11)

In Plaintiff's filings, he represents that he did not receive the July 6, 2018 Report and Recommendation (ECF No. 5) until Friday, July 13, 2018. He correctly points out that per the ECF Notice of Electronic Filing, the Clerk sent the Report and Recommendation to the wrong post-office box. (*See* Notice of Electronic Filing Receipt, ECF No. 5 (reflecting R&R sent to P.O. Box 45699 rather than P.O. Box 740).) Plaintiff explains that because he did not receive the Report and Recommendation until Friday, July 13, 2018, the earliest he could have filed his objections would have been Wednesday, July 18, because that was the first date he was able to access postage stamps from the prison commissary. (*See* ECF No. 11 at p. 4 (prison mail office acknowledging that Plaintiff received legal mail on July 13, 2018).)

It appears that rather than seeking an extension of time, Plaintiff drafted his objections, which he captioned "Supporting Statement," and he deposited these objections and attachments in the prison mail system in a postage prepaid envelope prior to the July 20, 2018 deadline for filing objections. *See Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (construing *pro se* inmate's improperly titled document as objections, recognizing that "*pro se* pleadings are held to a less stringent standard" (citation omitted)). His objections, which totaled 14 pages, were returned to him with a notice stating that additional postage was due. Plaintiff paid additional postage and re-deposited the envelope in the prison mail on July 23, 2018. (*See* ECF No. 10-2; ECF No. 11 at p. 3; ECF No. 12 at p. 7.) Plaintiff's re-mailed objection arrived and was docketed on July 27, 2018 (ECF No. 10), *after* this Court had already adopted the Report and Recommendation and entered judgment. (ECF Nos. 8 and 9.) Thus, the Court adopted the

2

Report and Recommendation and entered judgment without having received or considered Plaintiff's objections.

Rule 60(b) permits this Court to grant a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b)(6) applies here. Rule 60(b)(6) "is a catchall provision, which provides for relief from a final judgment for any reason justifying relief not captured in the other provisions of Rule 60(b)." *Henness v. Bagley*, 766 F.3d 550 at 553 (6th Cir. 2014), *cert. denied*, 135 S.Ct. 1708 (2015). "A movant seeking relief under Rule 60(b)(6) must show 'extraordinary circumstances' justifying the reopening of a final judgment." *Abdur'Rahman v. Carpenter*, 805 F.3d 710, 713 (6th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)), *cert. denied*, 137 S.Ct. 1201 (2017).

In *Thomas v. Arn*, the United States Supreme Court held that "a court of appeals may exercise its supervisory powers to establish that a rule that the failure to file objections to [a magistrate judge's report and recommendation] waives the right to appeal the district court's

judgment." 474 U.S. 140, 142 (1985).  The United State Court of Appeals for the Sixth Circuit exercises this supervisory power, but has made clear that waiver for failure to timely file objections is "plainly not a jurisdictional rule." *Kent v. Johnson*, 821 F.2d 1220, 1222–23 (6th Cir. 1987).

Here, the Court finds that circumstances beyond Plaintiff's control resulted in his significantly delayed receipt of the July 6, 2018 Report and Recommendation and also in his having to re-mail his timely-mailed objections on July 23, 2018, just three days after the deadline for filing objections had expired.  The Court therefore **GRANTS** Plaintiff's motions for reconsideration (ECF Nos. 11 and 12) and will consider Plaintiff's Objection (ECF No. 10).

## II.  Plaintiff's Objection (ECF No. 10)

### A.  Standard of Review

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

In addition, the Court holds pleadings by a *pro se* litigant "to less stringent standards than formal pleadings drafted by lawyers,"  *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and may not uphold the dismissal of such a pleading "simply because the court finds the plaintiff's allegations unlikely."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  A *pro se* litigant's pleadings must be, and in this instance are, construed liberally.  *Haines*, 404 U.S. at 520–21.

### B.  Analysis

Having conducted a *de novo* review, the Court finds Plaintiff's objections to the Report and Recommendation to be unpersuasive. The Magistrate Judge found that Plaintiff's Complaint failed to plead plausible claims for relief against the only two named Defendants, SOCF Warden Erdos and SOCF Medical Supervisor Dr. McCafferty. The Court agrees.

In his objections, Plaintiff insists that he remains sick and reasons that the fact that prison medical staff continue to medicate his symptoms confirms that he is sick, proving that his claim is not frivolous or malicious. (*See* ECF No. 10 at p. 2.) He also alleges that Dr. McCafferty prescribed propranolol to treat high blood pressure, a drug Plaintiff says also treats stress. According to Plaintiff, that Dr. McCafferty prescribed this medication when he does not have high blood pressure and when he is not competent to treat mental health impairments shows the "type of competence [that] further underlines the levels of reckless indifference [he] has been subjected to over the years." Plaintiff also states that Dr. McCafferty was also the head physician at Lebanon Correctional Institution when he was there in 2012, and that during that time, he also received deficient healthcare.

Plaintiff's objections lack merit. Even if Plaintiff were to amend his Complaint to set forth the new allegations he sets forth in his objections, it would not be sufficient to overcome the deficiencies the Magistrate Judge outlined in the Report and Recommendation. As the Magistrate Judge explained, Plaintiff's allegations fail to state a claim for medical indifference under the Eighth Amendment, and Plaintiff's disagreement over the proper course of treatment alleges no more than a medical malpractice claim.

The Court therefore **ADOPTS** the Report and Recommendation in its entirety, **OVERRULES** Plaintiff's Objections, and **DISMISSES** this action pursuant to § 1915(e)(2) for failure to plausibly allege medical indifference claims.

### III.  Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's 60(b) motions (ECF Nos.

11 and 12).  Upon *de novo* review of Plaintiff's Objection (ECF No. 10), the Court

**OVERRULES** Plaintiff's Objection and again **ADOPTS** the Report and Recommendation (ECF

No. 5) and **DISMISSES** this action pursuant to 28 U.S.C. § 1915(e)(2) **WITHOUT**

**PREJUDICE** to Plaintiff filing a state-law malpractice claim in state court.

**IT IS SO ORDERED.**

         **/s/Algenon L. Marbley**
         **ALGENON L. MARBLEY**
         **UNITED STATES DISTRICT COURT**

**DATED:  August 14, 2018**